IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,853-04






EX PARTE CHARLES HAMILTON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-09-904060 IN THE 299TH JUDICIAL DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation, enhanced by prior sequential felony convictions, and sentenced to life imprisonment. 
Applicant's appellate counsel filed an Anders brief, and the Third Court of Appeals affirmed his
conviction, noting that Applicant had been advised of his right to examine the appellate record and
file a pro se brief, but that no pro se brief had been received. Hamilton v. State, No. 03-09-00500-CR (Tex. App. - Austin, July 15, 2010).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she failed to investigate the validity and availability of the enhancement allegations, and failed to
investigate or request that Applicant be evaluated for competency to stand trial. Applicant also
alleges that he intended to file a pro se brief in response to appellate counsel's Anders brief, and that
he requested copies of the record in order to do so, but did not receive the record until after the court
of appeals had affirmed his conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel investigated the validity
and availability of the enhancement allegations in this case, and if so, whether counsel made any
challenge to the enhancements. The trial court shall make findings as to whether trial counsel had
any reason to believe that Applicant might not be competent to stand trial, whether she moved for
a competency evaluation, and whether any such evaluation was performed. The trial court shall
make findings as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. 

 The trial court shall also make findings as to whether Applicant indicated a desire to examine
the appellate record in order to file a pro se appellate brief, and if so, whether and when Applicant
was provided with copies of the record. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 11, 2012

Do not publish